# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **LISA M. THOMAS**<br>12865 Five Point Road, #83<br>Perrysburg, Ohio 43551<br><br>**Plaintiff,**<br><br>v.<br><br>**C.R. ENGLAND, INC.**<br>c/o CT Corporation<br>4400 Easton Commons Way<br>Columbus, Ohio 44114<br><br>**and**<br><br>**RUBEN JASSO**<br>300 Wilson Highway, Unit 20<br>Grandview, Washington 98930<br><br>**Defendants.** | Case No.: 3:20-cv-1974<br><br>**Judge:**<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**Jury Demand Endorsed Hereon**<br><br>Charles E. Boyk (0000494)<br>Kathleen R. Harris (0088079)<br>Andrea R. Young (0096334)<br>Charles E. Boyk Law Offices, LLC<br>1500 Timberwolf Drive<br>Holland, Ohio 43528<br>Telephone: (419) 241-1395<br>Facsimile: (419) 241-8731<br>cboyk@charlesboyk-law.com<br>kharris@charlesboyk-law.com<br>ayoung@charlesboyk-law.com<br><br>*Attorneys for Plaintiff* |

Plaintiff Lisa M. Thomas, by and through the undersigned counsel, hereby files this Complaint against Defendants C.R. England, Inc. and Ruben Jasso for injuries and damages arising out of a semi-truck versus automobile collision that occurred on or about April 14, 2019 in Swanton near the border of Fulton County and Lucas County, Ohio. In support of her claims, Plaintiff states as follows:

## **THE PARTIES**

1. Plaintiff Lisa M. Thomas is an individual and a citizen of the State of Ohio, residing in Perrysburg, Wood County, Ohio.

2. Defendant C.R. England, Inc. is a for-hire motor carrier operating commercial motor vehicles transporting property in interstate commerce. It is registered with the Federal Motor Carrier Safety Administration and is a business entity organized and existing under the laws of the State of Utah and with its principal place of business in the State of Utah. It is licensed to do business in the State of Ohio and was in the business of transporting goods near the border of Fulton County and Lucas County, Ohio at the time of the incidents alleged herein.

3. Defendant Ruben Jasso is an individual and a resident of the State of Washington.

## **JURISDICTION AND VENUE**

4. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

5. Plaintiff's claims are brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship.

6. Because Plaintiff is a citizen of the State of Ohio, no Defendant is a citizen of the State of Ohio, and the amount in controversy exceeds $75,000.00, diversity jurisdiction exists in this Court.

7. Venue is proper in this Court because this action arises from a motor vehicle collision occurring near the border of Fulton County and Lucas County, Ohio, which are both located in this judicial district.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

9. At all relevant times, Defendant C.R. England, Inc. owned and/or operated a 2018 Freightliner with Vehicle Identification Number 3AKJHHDR0JSJH8617.

10. At all relevant times, Defendant Ruben Jasso was acting in the course and scope of his employment and/or agency with Defendant C.R. England, Inc.

11. On or about April 14, 2019, Plaintiff Lisa M. Thomas was lawfully operating her vehicle on the Ohio Turnpike, driving in the right-hand eastbound lane of I-80.

12. At the same time, Defendant Ruben Jasso was also traveling on eastbound I-80, operating the 2018 Freightliner described above in the left lane.

13. Defendant Jasso failed to keep a proper lookout and made an improper lane change, attempting to enter the right lane and striking Plaintiff's vehicle on the driver's side, causing her car to spin out and enter the median.

14. Plaintiff suffered serious injuries as a result of this collision and began treating for shoulder pain and a heady injury.

15. Defendant Jasso was cited for a violation of R.C. 4511.33 for improperly changing lanes and failing to stay in marked lanes.

## FIRST CAUSE OF ACTION
### (*Negligence – Defendant Jasso*)

16. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

17. Defendant Ruben Jasso had a duty to exercise ordinary care and caution for the safety and welfare of other motorists in his operation of a commercial motor vehicle, including by adhering to the laws of the State of Ohio, the Federal Motor Carrier Safety Act, the Federal Motor Carrier Safety Regulations, and the rules of common law.

18. Defendant Jasso breached his duties of care and was negligent by failing to keep a proper lookout, failing to stay within his lane, improperly changing lanes when it was not clear to do so, and by colliding with the driver's side of Plaintiff's vehicle.

19. As a direct and proximate result of Defendant Jasso's negligence, Plaintiff sustained serious personal injuries, including to her shoulder and head. These injuries required medical care and caused Plaintiff to incur substantial medical and hospital care costs, along with other economic loss, and also caused pain and suffering, mental anguish, and emotional distress.

20. Further, Plaintiff believes her injuries are permanent and will require future medical care and additional medical care costs, and that she will continue to endure great pain, suffering, mental anguish, and emotional distress.

## SECOND CAUSE OF ACTION
(*Vicarious Liability – Defendant C.R. England, Inc.*)

21. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

22. At all relevant times, Defendant Ruben Jasso was the employee, agent, servant, or independent contractor of Defendant C.R. England, Inc. Accordingly, Defendant C.R. England, Inc. is vicariously liable for the acts of Defendant Jasso described herein.

23. Regardless of the employment or agency relationship, Defendant C.R. England, Inc. is an interstate motor carrier and the registered owner or operator of the commercial motor vehicle driven by Defendant Jasso, and is therefore responsible for the acts of the Defendant-driver.

## THIRD CAUSE OF ACTION
(*Negligence – Defendant C.R. England, Inc.*)

24. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

25. Defendant C.R. England, Inc. had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Ruben Jasso, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

26. Defendant C.R. England, Inc. had a duty to exercise reasonable care in all its actions and omissions.

27. Defendant C.R. England, Inc. had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

28. Defendant C.R. England, Inc. failed in the above-mentioned duties and was therefore negligent.

29. Defendant C.R. England, Inc.'s negligence was the direct and proximate cause of the injuries and damages described in this Complaint.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all Defendants, in an amount that is fair and just and in excess of Seventy-Five Thousand Dollars ($75,000.00), in addition to costs and other relief that this Honorable Court deems just under the circumstances.

>Respectfully submitted
>
>/s/ Kathleen R. Harris
>Charles E. Boyk
>Kathleen R. Harris
>Andrea R. Young
>*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a trial by jury on all triable issues.

>Respectfully submitted
>
>/s/ Kathleen R. Harris
>Charles E. Boyk
>Kathleen R. Harris
>Andrea R. Young
>*Attorneys for Plaintiff*